IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01497-MSK-CBS

ALAIN MEDEL,
    Plaintiff,
v.

PENNYMAC FINANCIAL SERVICES,
PENNYMAC LOAN SERVICES, LLC,
(and JOHN DOES 1 through 20, to be determined at a later date),
    Defendants.

---

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Craig B. Shaffer

This civil action comes before the court on: (1) Plaintiff's Motion to Remand, and (2) Defendants' Motion to Dismiss Plaintiff's Verified Complaint.  Pursuant to the Order of Reference dated July 17, 2015 (Doc. # 10) and the memoranda dated July 30, 2015 (Doc. # 13) and August 19, 2015 (Doc. # 20), these matters were referred to the Magistrate Judge.  The court has reviewed the Motions, Defendants' Response (filed August 20, 2015) (Doc. # 21), Plaintiff's Response (filed August 24, 2015) (Doc. # 22), Defendants' Reply (filed August 28, 2015) (Doc. # 24), the pleadings, the entire case file, and the applicable law and is sufficiently advised in the premises.

I.    Motion to Remand

A.    Standard of Review

Proceeding in his pro se capacity, Mr. Medel filed his "Verified Complaint for Damages" ("Complaint") in the District Court of Douglas County, Colorado on June 16, 2015.  (See Doc. #

1-1)).  Defendants removed the case to this court on July 15, 2015.  Mr. Medel seeks remand "back to the jurisdiction of the District Court, Douglas County, Colorado."  (*See* Doc. # 17 at 10 of 17).

Remand is authorized only when there is a defect in the removal procedure or if the district court lacks subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c); *Miller v. Lambeth*, 443 F.3d 757, 759 (10th Cir. 2006) (("[t]he two categories of remand within § 1447(c). . . are remands for lack of subject matter jurisdiction and for defects in removal procedure.").  Federal courts have removal jurisdiction over state court actions "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).  A defendant may remove to federal court only state court actions that originally could have been filed in federal court.  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  *See also Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (under 28 U.S.C. § 1441(a) any state court action over which federal courts would have original jurisdiction may be removed from state to federal court).  A district court has original federal question jurisdiction over "all civil actions arising under the Constitution, laws or treaties of the United States," 28 U.S.C. § 1331, and over civil actions where the amount in controversy exceeds $75,000, exclusive of interests and costs, and there is complete diversity of citizenship, 28 U.S.C. § 1332(a).  *Marchese v. JPMorgan Chase Bank*, N.A., 917 F. Supp. 2d 452, 459 (D. Md. 2013) (citation omitted).  "A defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction."  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).

A defendant seeking removal bears the burden of proving the court's jurisdiction.  *Rogers v. Wall–Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000).  *See also Marchese*, 917 F. Supp. 2d at 459 ("When the plaintiff challenges the propriety of removal, the defendant bears the burden

of proving that removal was proper.") (citations omitted).   Nevertheless, a defendant need only include in the notice of removal "a short and plain statement of the grounds for removal . . . ."   28 U.S.C. § 1446(a).

Mr. Medel sued Defendants in the District Court for Douglas County, Colorado.   In his Complaint, he alleges that Defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1601 *et seq.*   (*See* Complaint (Doc. # 1-1) at 4 of 70, ¶ 12, 6-7 of 70).   Mr. Medel's FDCPA claim "indisputably arises under the laws of the United States, making this action removable . . . ."   *Thomas v. Bank of America Corp.*, No. 12-cv-797-PAB-KMT, 2012 WL 1431224, at *2 (D. Colo. Apr. 25, 2012) (citation omitted).   Remand is properly denied on this basis alone.

Mr. Medel alleges $3.1 million in damages, which amount in controversy exceeds $75,000, exclusive of interests and costs.   Mr. Medel argues that there is not complete diversity between him and all Defendants because Defendants conduct business, pay taxes and maintain offices and representatives in Colorado.   (*See* Motion (Doc. # 17) at 4 of 17, ¶ 3, 6-9 of 17).   These are not indicia that Defendants are citizens of Colorado.   Pennymac Financial Services, Inc. ("PFSI") is a citizen of Delaware and California, where it is incorporated and has its principal place of business.   *See* 28 U.S.C. § 1332(c)(1).   Pennymac Loan Services, LLC ('PLS") takes the citizenship of all of its members, none of whom are Colorado citizens.   *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015).   Defendants have met their burden of demonstrating complete diversity of citizenship.   (*See* Doc. # 1 at 2-3, Doc. # 1-1 at 15 of 70).   The court has original federal question jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a).   For this reason also, remand is properly denied.

Mr. Medel asserts that "if and when" this case is remanded, he will amend his pleading to

3

remove all references to federal law.   (*See* Doc. # 17 at 3 of 17).   However, elimination of the FDCPA claim will not defeat diversity jurisdiction.   Mr. Medel also argues that venue is improper in "the Federal Central District of Colorado-Southern Division."   (*See* Doc. # 17 at 6 of 17)   Such a division does not exist.   Plaintiff filed this case in the District Court of Douglas County, Colorado, making venue proper in this court under 28 U.S.C. § 1441(a).

II.     Motion to Dismiss

A.     Standard of Review

Defendants move to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

> Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for failure to state a claim upon which relief can be granted.   The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted.
> A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff.   To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.   The *Iqbal* evaluation requires two prongs of analysis.   First, the court identifies the allegations in the complaint that are not entitled to the assumption of truth, that is, those allegations which are legal conclusion, bare assertions, or merely conclusory.   Second, the Court considers the factual allegations to determine if they plausibly suggest an entitlement to relief. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss.
> Notwithstanding, the court need not accept conclusory allegations without supporting factual averments.   [T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.   Moreover, [a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does the complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement.   Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Laratta v. Burbank*, No. 12-cv-02079-MSK-KMT, 2014 WL 6853954, at * 4 (D. Colo. Dec. 5, 2014) (internal quotation marks and citations omitted).

B.   Analysis

Mr. Medel alleges that his mortgage loan on the real property located at 12601 Country Meadows Drive, Parker, Colorado is in foreclosure.   (*See* Doc. # 1-1 at 2 of 70, 4 of 70, ¶ 12, Doc. # 17 at 1-2 of 17).   He obtained a loan from iFreedom Direct Corporation ("iFreedom") on or about January 20, 2014.   (*See* Complaint at 3 of 70, ¶ 5, Doc. # 17 at 5 of 17, ¶ 7).   The loan is evidenced by a $235,758.00 promissory note ("Note") and secured by a deed of trust on the property.   (*See* Exhibit A to Motion (Doc. # 12-3)).[1]   The deed of trust names iFreedom as the lender and Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for iFreedom and its successors and assigns, as the beneficiary.   (*See id.*)   MERS assigned the deed of trust to PLS on April 30, 2015.   (*See* Exhibit B to Motion (Doc. # 12-4)).   PLS delivered a notice of election and demand for sale to the public trustee on or about May 8, 2015.   (*See* Doc. # 12-5).

The Note requires Mr. Medel to make payments at 2363 S. Foothill Drive, Salt Lake City, Utah 84109 or "at such other place as Lender may designate in writing by notice to Borrower." (*See* Doc.# 12-3 at 5 of 18, ¶ 1).   The deed of trust requires him to make all loan payments in U.S. currency.   (*See* Doc. # 12-3 at 4 of 18, ¶ 1)   The deed of trust also requires him to make all payments to the address designated in the Note unless the lender designates another address

---

[1]   In considering a Rule 12(b)(6) motion, a court must primarily consider the allegations contained in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account.   *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir.1993).   *See also Van Woudenberg v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000) ("the court is permitted to take judicial notice of . . . facts which are a matter of public record."), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001); *Fletcher v. Tidewater Builders Assn., Inc.*, 216 F.R.D. 584, 588 (E. D. Va. 2003) (in addition to the facts alleged in the complaint, the court will also consider "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint.") (quoting 5A Charles A. Wright & Arthur R. Miller, Fed. Prac. and Proc. § 1357 (1990)).

and provides him with proper notice of the new address.  (*See id.*).

Mr. Medel alleges that he paid his mortgage loan in full by mailing to PFSI's chief financial officer a "Certified Registered Security, Non-Negotiable Payment Bond" ("Payment Bond") in the amount of $750,000 backed by his "offset account" at the United States Treasury.  (*See* Doc. # 1-1 at 2-3, 5-6, 21-22, 24, 26-31, 33-40 of 70, Doc. # 1-1 at 42 of 70).  The Payment Bond purports to be "made for over 3 times the amount that was owed."  (See Doc. # 1-1 at 8 of 70, ¶ 3).  He alleges Defendants received but subsequently destroyed the Payment Bond.  (See Doc. # 1-1 at 5 of 70).  He contends that because Defendants received the Payment Bond and refused to apply it as payment in full of his loan, the foreclosure is illegal.  (See Doc. # 1-1 at 7-10, 14 of 70).  He alleges that the Secretary of the Treasury is obligated to pay the debt and that legal tender is no longer required to discharge a debt.  (See Doc. # 1-1 at 11-13 of 70).  Mr. Medel alleges a First Cause of Action for "Violation of Business and Professional Code §17200" that includes five Counts for: (1) "Failure/Refusal to Credit Account Tendered to Plaintiff's Account," (2) "Violation of the Doctrine of Unclean Hands," (3) "Unjust[ ] Enrich[ment] through Fraudulent Conversion," (4) Defendants' Waiver of Objections to Mode of the Offer," and (5) "Defendants Given Opportunity to Cure."  (*See* Doc. # 1-1 at 5-6 of 70).  He alleges a Second Cause of Action for "Violations of Fair Debt Collection Practices Act, 15 U.S.C. § 1601 *et seq.*" that includes two Counts for "Defendants Continue to Attempt Collection of Debt Paid in Full" and "Failure to Pursue Alternative Dispute Resolution (ADR)."  (*See* Doc. # 1-1 at 6-7 of 70).  He alleges a Third Cause of Action for "Breach of Written Contract (C.C.P. 430.10(g), *infra.*, § 930.) [*pg. 575]" that includes Count 8, Count IX for "Specific Performance," and Count X for "Declaratory Relief."  (*See* Doc. # 1-1 at 7-15 of 70).  Defendants argue that the Complaint fails to state any claim to which relief can be granted and that it alleges nothing more than a frivolous debt elimination scheme.

The Payment Bond cannot support any of Mr. Medel's claims for relief.   The Payment Bond contains nothing more than nonsensical language describing the very type of baseless, fraudulent attempt to eliminate debt that has been widely recognized by the courts as frivolous. *See, e.g., Bryant v. Wash. Mut. Bank*, 524 F.Supp.2d 753, 758–60 (W.D.Va. 2007) ("Plaintiff's claim that her Bill of Exchange is a legitimate negotiable instrument is clearly nonsense in almost every detail . . . In short, the legal authorities Plaintiff cites and the facts she alleges suggest that she did not tender payment, but rather a worthless piece of paper.") (collecting cases); *Jones v. Fisher Law Group, PLLC*, 334 F. Supp. 2d 847, 850-53 (D. Md. 2004) ("The flurry of notices, demands and bizarre pleadings filed by the Jones appear to be patterned after various debt avoidance devices which the Comptroller of the Currency has characterized as 'fraudulent schemes.'") (citation omitted); *U.S. Bank, N.A. v. Phillips*, 366 Ill App. 3d 593 (2006) ("defendant did not tender 'payment' but, rather, a piece of paper that was entirely lacking in value" that was "nothing more than words strung together . . .which lack any cohesive meaning and convey nothing."); *McElroy v. Chase Manhattan Mortgage Corp.*, 134 Cal. App. 4th (2005) (declining to hold that "the tender of a worthless document pays off a $256,000 debt because the creditor fails to object to the tender.'"); *Feller .v Indymac Mortgage Services*, No. 09-5720RJB, 2010 WL 1331066, at * 2-3 (W.D. Wa. March 31, 2010) (plaintiff's suit was debt elimination scheme based on "frivolous, conclusory, and nonsensical allegations which are unsupported in law or by fact."); *Fullmore v. Countrywide Home Loans, Inc.,* No. 1:08CV774, 2009 WL 2448546, at * 2 (M.D.N.C. Aug. 7, 2009) (rejecting plaintiff's debt elimination scheme complaint) (collecting cases); *Adams v. Bank of America, N.A.*, No. 1:06CV00228, 2007 WL 2746871 (M.D.N.C. Sept.19, 2007) (describing debt avoidance scheme and dismissing for failure to state any cognizable claim under any applicable law); *Pierce v. Ocwen Loan Servicing*, No. 1:06CV00147, 2006 WL 1994571, at *

3-4 (M.D.N.C. July 14, 2006) (debt elimination scheme based on worthless documents failed to state a claim for relief).   *See also* Office of the Comptroller of the Currency Alert 2003-12, 2003 WL 22329222 (Oct. 1, 2003) (warning of worthless instruments presented to mortgage companies in an effort to eliminate legitimate debts).

Mr. Medel relies on what appears to be California law for several of his counts: (1) the Rosenthal Fair Debt Collection Practices Act; (2) the Business and Professional Code § 17200; (3) C.C.P. §§ 430.10(g) and 930; and (4) CC §§ 1501 and 3300.   (*See* Doc. # 1-1 at 4 of 70, ¶ 12, 5-7, 15 of 70).   There are no Rosenthal Fair Debt Collection Practices Act, Business and Professional Code § 17200, C.C.P. §§ 430.10(g) or 930; or CC §§ 1501 or 3300 in Colorado.   His apparent reliance on California law does not support valid claims in the Colorado courts.   For this reason, Counts 1, 6, 8, IX, and X fail to state any valid claim to which relief can be granted.

Count 1 contains only Mr. Medel's conclusory allegation that he "proffered to Defendants a 'Non-Negotiable' Bond . . . which had been accepted by Defendants without recourse as 'Payment in Full' in the nature of a 'Novation' and 'Accord and Satisfaction' under the 'Objective Standard' in the 'Course of Performance, Course of Dealing and of Usage and Trade.'"   This allegation is nonsensical, frivolous, and does not state a plausible claim.

"Count 3" of the First Cause of Action is entitled "Defendants Being Unjustly Enriched Through Fraudulent Conversion."   (*See* Doc. # 1-1 at 5 of 70).   Mr. Medel alleges that "Defendants are and have been unjustly enriched through fraudulent conversion by attempting to collect on an antecedent debt, by attempting to foreclose on Plaintiff's property , which has been "Paid For In Full" by the purported Payment Bond.   (See Doc. # 1-1 at 6 of 70).   "[A] party claiming unjust enrichment must prove that (1) the defendant received a benefit (2) at the plaintiff's expense (3) under circumstances that would make it unjust for the defendant to retain

the benefit without commensurate compensation." *Lewis v. Lewis*, 189 P.3d 1134, 1141 (Colo. 2008), *as modified on denial of reh'g* (Aug. 18, 2008) (citations omitted). Mr. Medel alleges the Payment Bond was "destroyed" by Defendants' legal department. (*See* Doc. # 1-1 at 5 of 70). Based on the pleadings and documents that the court may consider, Mr. Medel has not adequately stated as a matter of law or fact that Defendants received a benefit at his expense that would be unjust for Defendants to retain.

Nor has he stated any facts that support his allegation of "fraudulent conversion." Conversion is "any distinct, unauthorized act of dominion or ownership exercised by one person over personal property belonging to another." *Rhino Fund, LLLP v. Hutchins*, 215 P.3d 1186, 1195 (Colo. App. 2008), *as modified on denial of reh'g* (Dec. 24, 2008) (citation omitted). *See also F.D.I.C. v. Refco Grp., Ltd.*, 989 F. Supp. 1052, 1085 (D. Colo. 1997) ("Conversion consists of the wrongful deprivation of property which the plaintiff is entitled to possess.") (citation omitted). "An action will lie for the conversion of money where there is an obligation to return or otherwise particularly treat specific money." *Rhino Fund,* 215 P.3d at 1195. No money or property was conveyed by the fictitious Payment Bond. Mr. Medel has not stated facts that support a finding that any action by Defendants deprived him of any property which he is entitled to possess.

In his Second Cause of Action, Plaintiff asserts violations of the FDCPA based on allegations that "defendants are acting in the capacity of a delinquent creditor." (*See* Doc. # 1-1 at 6-7 of 70.) An FDCPA claim requires the following elements: (1) plaintiff is a natural person who is a "consumer" within the meaning of 15 U.S.C. § 1692a(3); (2) the "debt" arises out of a transaction entered primarily for personal, family or household purposes, 15 U.S.C. § 1692a(5); (3) the defendant collecting the debt is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6); and (4) the defendant violated, by act or omission, a provision of the FDCPA. *Lucero*

*v. Board of Recovery, Inc.*, No. CIV 09-0532 JB/WDS, 2012 WL 681797, at *12 (D.N.M. Feb. 28, 2012) (cation omitted).   *See also Cross v. Receivables Management Solutions, Inc.*, No. 04-cv-01493-MSK-PAC, 2006 WL 446083, at * 3 (D. Colo. Feb. 21, 2006) (same).

The Complaint does not support the required elements.   First, it does not provide any factual allegations suggesting that Mr. Medel obtained the loan for personal, family or household purposes as required under 15 U.S.C. § 1692a(5).   Second, the Complaint does not contain any factual support to determine that Defendants are "debt collectors."   The documents that the court may consider confirm that PLS is a mortgage lender.   (*See* Docs. # 12-4, 12-5).[2]   Courts have consistently held that a "debt collector" under the FDCPA does not include a creditor, mortgage servicing company, or assignees of the debt if the entity acquired the loan before it was in default.   *See* 15 U.S.C. § 1692a(6)(F));  *Dillard v. Bank of New York*, No. 09-cv-03008-WYD-BNB, 2011 WL 2714118, at *6 (D. Colo. July 13, 2011) (FDCPA applies only to professional debt collectors, not creditors or mortgagors, and thus "a mortgage lender collecting its own debt is not a debt collector under the FDCPA.") (citation omitted).   Nor has Mr. Medel sufficiently alleged any facts stating how the FDCPA was violated.   To the extent Mr. Medel attempts to set forth a claim under FDCPA, the Complaint fails to state a claim to which relief can be granted.

In his Third Cause of Action, Plaintiff alleges "Breach of Written Contract."   (*See* Doc. # 1-1 at 7 of 70).   This claim appears to be based on Mr. Medel's allegation that Defendants' receipt of the Payment Bond "creat[ed] a novation/accord and satisfaction" and that Defendants have "refus[ed] to apply the 'Payment in Full,' and any applicable credits" to his loan balance.   (*See id.* at ¶ 2, 9 of 70 at ¶ 10, 14 of 70, ¶ 27).   "Under Colorado law, a breach of contract claim has four

---

[2]   Mr. Medel refers collectively to "defendants," although PFSI and PLS are two separate entities.   PLS is the current holder of the loan and the only party seeking to foreclose the property.   (See Doc. # 12-5). PFSI is the corporate parent.   Plaintiff does not plead facts that PFSI or its chief financial officer have any connection to Plaintiff's loan.   Plaintiff's claims against PFSI are properly dismissed.

elements: (1) the existence of a contract; (2) performance by the plaintiff or some justification for non-performance; (3) failure to perform the contract by the defendant; and (4) resulting damages to the plaintiff. *Matthys v. Narconon Fresh* Start, __ F. Supp. 3d __, 2015 WL 2106214, at * 7 (D. Colo. May 4, 2015) (internal quotation marks and citations omitted). Mr. Medel's claim for breach of contract relies on the fictitious Payment Bond that did not create a contract and has no legal effect. His allegations are insufficient to state a claim plausible on its face.

In "Count IX," Plaintiff seeks "Specific Performance." (*See* Doc. # 1-1 at 14 of 70). "Specific performance is an equitable remedy for breach of contract." *Gagne v. Gagne*, 338 P.3d 1152, 1168 (Colo. App. 2014). As the court has determined, *infra*, that Mr. Medel fails to state a claim for breach of contract, his claim for specific performance likewise fails.

In "Count X," Plaintiff seeks "Declaratory Relief" based on his other claims. (*See* Doc. # 1-1 at 15 of 70). "The Declaratory Judgment Act does not create substantive rights for parties; it merely provides another procedure whereby parties may obtain judicial relief." *Viking Ins. Co. of Wisc. v. Morris*, No. 09-cv-02547-CMA-MEH, 2010 WL 1644578, at *2 (D. Colo. Apr. 22, 2010) (internal quotation marks and citation omitted) The Declaratory Judgment Act states in part "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration[.]" 28 U.S.C. § 2201(a). Mr. Medel allegations in the Complaint that he is seeking monetary damages do not support a declaratory judgment. (*See* Doc. # 1-1 at 15 of 70). His claim for specific performance likewise fails because the court has determined that he fails to state any claim to which relief can be granted.

Accordingly, IT IS RECOMMENDED that

1.  Plaintiff's Motion to Remand (filed August 17, 2015) (Doc. # 17) be DENIED.

2.  Defendants' Motion to Dismiss Plaintiff's Verified Complaint (filed July 22, 2015) (Doc. # 12) be GRANTED.

3.  This civil action be dismissed with prejudice on the merits pursuant to Fed. R. Civ. P. 12(b)(6).

**Advisement to the Parties**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.   28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);   *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).   A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review.   "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."   *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).   Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.   See *Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");   *International Surplus Lines Insurance*

*Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling);   *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).   *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 3rd day of November, 2015.

BY THE COURT:

　　s/Craig B. Shaffer　　　
United States Magistrate Judge